UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:15cv1106 |
| ) | (LO / MSN) |
| ALL ASSETS IN AUSTRALIA AND ELSEWHERE ) | |
| LISTED IN ATTACHMENT A, AND ALL INTEREST, ) | |
| BENEFITS, AND ASSETS TRACEABLE THERETO, ) | |
| ) | |
| *Defendants in Rem*. ) | |

## CLAIMANTS' MOTION TO DISMISS OR STAY

PURSUANT TO RULES 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, Claimants[1] move to dismiss this action. In the alternative, pursuant to 18 U.S.C. § 981(g)(2) and the Court's inherent authority, Claimants renew their previously filed motion to stay this action pending the parallel criminal action now before the Court, *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012) ("*Criminal Action*"). The grounds for granting this relief are as follows:

1. This is a civil forfeiture action against assets as defendants *in rem*, including assets located overseas (Dkt. No. 1). The bases for forfeiture are the copyright crimes alleged in the *Criminal Action*.

2. The Court should dismiss this action for lack of subject matter jurisdiction because (i) the *Criminal Action* improperly seeks to impose criminal liability based on the extraterritorial application of United States copyright laws, and (ii) the *Criminal Action*

---

[1] The Claimants are Kim Dotcom (Dkt. No. 16), Mathias Ortmann (Dkt. No. 17), Megaupload Limited, Megarotic Limited, Megamedia Limited, and Megavideo Limited (Dkt. No. 18).

improperly seeks to impose criminal liability for acts that are, at most, secondary copyright infringement, which is not a federal crime. In support, Claimants incorporate by reference their memorandum of law in support of their motion to dismiss filed in a related action. MEMORANDUM OF LAW IN SUPPORT OF CLAIMANTS' MOTION TO DISMISS AND/OR STAY THE VERIFIED COMPLAINT FOR FORFEITURE *IN REM*, Dkt. No. 20, at 6-14, *United States v. All Assets, etc.*, No. 1:14-cv-969-LO-TRJ (E.D. Va. filed Oct. 10, 2014).

3. The Court should dismiss this action as to the foreign assets for lack of personal jurisdiction *in rem*. In support, Claimants incorporate by reference their memorandum of law in support of their motion to dismiss filed in a related action. MEMORANDUM OF LAW IN SUPPORT OF CLAIMANTS' MOTION TO DISMISS AND/OR STAY THE VERIFIED COMPLAINT FOR FORFEITURE *IN REM*, Dkt. No. 20, at 14-17, *United States v. All Assets, etc.*, No. 1:14-cv-969-LO-TRJ (E.D. Va. filed Oct. 10, 2014).

4. The Court should dismiss the action for failure to state a claim for relief because the Verified Complaint lacks the specificity required to state a claim for civil forfeiture. In support, Claimants incorporate by reference their memorandum of law in support of their motion to dismiss filed in a related action. MEMORANDUM OF LAW IN SUPPORT OF CLAIMANTS' MOTION TO DISMISS AND/OR STAY THE VERIFIED COMPLAINT FOR FORFEITURE *IN REM*, Dkt. No. 20, at 17-29, *United States v. All Assets, etc.*, No. 1:14-cv-969-LO-TRJ (E.D. Va. filed Oct. 10, 2014).

5. In the alternative, if the case is not dismissed, Claimants renew their prior motion to stay (Dkt. No. 21), and submit that the case should be stayed under 18 U.S.C. § 981(g)(2) pending resolution of the *Criminal Action*. In support, Claimants incorporate by reference their previously filed memorandum (Dkt. No. 22), and their memorandum of law in support of their motion to dismiss filed in a related action. MEMORANDUM OF LAW IN SUPPORT OF CLAIMANTS'

MOTION TO DISMISS AND/OR STAY THE VERIFIED COMPLAINT FOR FORFEITURE *IN REM*, Dkt. No. 20, at 29-30, *United States v. All Assets, etc.*, No. 1:14-cv-969-LO-TRJ (E.D. Va. filed Oct. 10, 2014).

6. As further grounds for a stay, Claimants submit that the Court should not order forfeiture of the defendant computer servers because data contained on them constitutes evidence in the related criminal action and parallel civil cases. Having seized the servers, the government has a constitutional duty to preserve them and the irreplaceable data evidence stored thereon.

WHEREFORE, Claimants submit that this case should be dismissed or stayed.

Dated: December 19, 2017

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-5355
craig.reilly@ccreillylaw.com
*Counsel for Claimants*

*Of Counsel for Claimants*
*Kim Dotcom and Megaupload Ltd.:*

Ira P. Rothken (*pro hac vice*)
Jared R. Smith (*pro hac vice*)
ROTHKEN LAW FIRM
3 Hamilton Landing Suite 280
Novato, CA 94949
ira@techfirm.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19 2017, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users, including:

>Dana J. Boente
>UNITED STATES ATTORNEY
>Karen Ledbetter Taylor
>ASSISTANT UNITED STATES ATTORNEY
>United States Attorney's Office
>Justin W. Williams U.S. Attorney's Building
>2100 Jamieson Avenue
>Alexandria, Virginia 22304
>Karen.Taylor2@usdoj.gov
>*Attorneys for the United States*

>/s/ Craig C. Reilly
>Craig C. Reilly, Esq. (VSB # 20942)
>111 Oronoco Street
>Alexandria, Virginia 22314
>TEL (703) 549-5354
>FAX (703) 549-5355 (NEW)
>craig.reilly@ccreillylaw.com
>*Counsel for Claimants*